UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT KELLY,

                        Plaintiff,

v.

THE CITY OF MOUNT VERNON, et al.,

                        Defendants.
-----------------------------------------------------------X

**ORDER**

7:19-cv-11369 (PMH)

PHILIP M. HALPERN, United States District Judge:

Defendant *pro se* Richard Thomas ("Thomas"), sued herein individually and as former Mayor of the City of Mount Vernon, in this action brought by *pro se* Plaintiff Robert Kelly ("Plaintiff"), moves pursuant to N.Y. Public Officers Law § 18 and Mount Vernon City Charter § 50-44 for an Order compelling defendants the City of Mount Vernon (the "City") and the City of Mount Vernon Urban Renewal Agency (together, the "City Defendants") to defend him and/or pay the fees and expenses of private counsel of his choosing. For the reasons set forth below, Thomas' motion is GRANTED.

**BACKGROUND**

Plaintiff's action, brought under 42 U.S.C. § 1983, alleges that the City Defendants, Thomas, Frank Acocella, and the Acocella Law Group P.C. (collectively "Defendants")[1] violated Plaintiff's rights by prosecuting an earlier civil action against him that they allegedly knew was time-barred and failing to indemnify him pursuant to the City Charter in that allegedly time-barred action. Plaintiff also brings state law claims herein against Defendants for defamation, alleging that Defendants caused false and damaging statements to be made against Plaintiff in news media;

---

[1] Plaintiff also sued former Corporation Counsel Lawrence Porcari, but, following Court-ordered mediation, Plaintiff voluntarily dismissed the action as against Porcari. (Doc. 84).

1

negligence; and intentional infliction of emotional distress. (*See* Doc. 50, "Am. Compl.").

On March 4, 2020, a show cause hearing was held before Judge Seibel wherein she directed, *inter alia*, the City Defendants to advise the Court and Thomas with regard to whether they would defend Thomas in the instant case or cover defense costs by March 11, 2020; and, in the event they advised they would not, Thomas was permitted to file a motion to compel by March 30, 2020. (*See* Mar. 4, 2020 Min. Entry). On March 11, 2020, counsel for the City Defendants advised that they would not defend Thomas or pay his legal fees. (Doc. 52). This case was reassigned to me on March 17, 2020.

On April 13, 2020, the Court granted Thomas' request for an extension of time to file the motion to compel to May 4, 2020 and scheduled a conference for May 5, 2020. (Doc. 61). On May 5, 2020, the Court held a telephone conference during which Thomas advised that he had filed his motion to compel through the *pro se* intake unit. On May 27, 2020, the City Defendants filed opposition to the motion to compel, and on June 5, 2020, Thomas filed his reply. (Docs. 76, 78). Thomas' motion to compel was docketed on August 17, 2020. (Doc. 92).

The Court held another telephone conference with the parties on August 13, 2020 concerning discovery. During that conference, Thomas asserted that the City had passed a resolution authorizing counsel for Thomas in this action. The Court directed the City Defendants to advise the Court by August 14, 2020 whether such a resolution had been passed, and, if so, what steps the City was taking to engage Thomas' counsel of choice or otherwise. (Doc. 88). On August 14, 2020, the City Defendants filed a letter, annexing thereto a copy of the resolution that the City had passed, and advising that the City had not passed the resolution described by Thomas. The

only resolution that had been passed was in connection with a different, unrelated matter previously pending before Judge Briccetti: *Grant v. Thomas*, No. 18-CV-09601. (Doc. 90).[2]

## ANALYSIS

The City Defendants, in opposition to Thomas' motion to compel, contend that this Court is not the proper forum for Thomas' motion; they are not obligated to defend Thomas in this action because his demand for a defense was untimely; and they are not obligated to defend him because his alleged actions giving rise to this lawsuit were *ultra vires* and outside of the scope of his employment. (Doc. 76, "Def. Opp'n" at 2-3). The City Defendants ask that in the event the Court determines that they do have an obligation to defend, the Court direct that Thomas is entitled to independent counsel due to a conflict of interest. (Def. Opp'n at 3).

A. Proper Forum

Contrary to the City Defendants' strained interpretation of the two cases cited in their opposition,[3] a motion made to this Court is an appropriate vehicle to compel a defense under N.Y. Public Officers Law § 18. *See Hassan v. Fraccola*, 851 F.2d 602 (2d Cir. 1988) (affirming a judgment of the United States District Court for the Northern District of New York which, *inter alia*, ordered the municipality to pay the legal fees of a police officer pursuant to Public Officers Law § 18); *see also Lang v. Kidera*, No. 11-CV-6603, 2013 WL 210905 (W.D.N.Y. Jan. 18, 2013) (district court granting motion to compel defense); *George v. New York City Transit Auth.*, No.

---

[2] This was not Thomas' first misstatement of the facts to this Court. Though irrelevant to the Court's inquiry on the instant motion in this case, Thomas alleged in his moving papers on this motion that Judge Briccetti had ordered the City to provide him with legal counsel in *Grant v. Thomas*. A review of the docket in that case reveals, and as the City Defendants asserted in opposition, no such Order was issued by Judge Briccetti; rather, the City had agreed to provide Thomas with a defense.

[3] The City Defendants cite *Sharpe v. Sturm,* 28 A.D.3d 777 (2d Dep't 2006), and *Capone v. Bd. of Educ. of Lafayette Cent. Sch. Dist.*, 245 A.D.2d 1045 (4th Dep't 1997), asserting that such cases hold that an Article 78 proceeding is the only proper forum for the instant motion to compel a defense in the absence of notice of claim. (Def. Opp'n at 2-3). Both cases involved Article 78 proceedings under state law but actually hold that, *inter alia*, a notice of claim under N.Y. Education Law § 3813 is not required to maintain an Article 78 proceeding in state court.

04-CV-3263, 2008 WL 4274362 (E.D.N.Y. Sept. 17, 2008) (district court denying motion to compel defense); *Wahlstrom v. Metro-N. Commuter R.R.*, No. 96-CV-3589, 1998 WL 196236 (S.D.N.Y. Apr. 23, 1998) (same); N.Y. Pub. Off. Law § 18(3)(b) ("upon appropriate *motion or* otherwise by a special proceeding") (emphasis added); N.Y. Pub. Off. Law § 18(3)(c) ("upon *motion or* by way of a special proceeding") (emphasis added).

B. <u>Timeliness of Demand</u>

With respect to the timeliness of Thomas' demand for a defense, a municipality's duty to defend arising under the Public Officers Law is "conditioned upon . . . delivery by the employee to the chief legal officer of the public entity or to its chief administrative officer of a written request to provide for his defense together with the original or a copy of any summons, complaint, process, notice, demand or pleading within ten days after he is served with such document." N.Y. Pub. Off. Law § 18(5). Pursuant to the City Charter, the City's duty to defend is "conditioned upon delivery to the Corporation Counsel or his assistant, at his office, by the employee, of the original or a copy of any summons, complaint, process, notice, demand or pleading within five days after he is served with such document." Mount Vernon City Charter § 50-46. The affidavit of service of the summons and complaint states that Thomas was served on December 12, 2019. (Doc. 5). Thomas alleges that on December 17, 2019, he sent a letter via e-mail and certified mail to then-Corporation Counsel Lauren Raysor, "noticing her of the action filed by Robert Kelly and demand[ing] that the City provide legal representation." (Doc. 78, "Reply" ¶ 3, Ex. A).

In *Sharpe v. Sturm,* a case cited by the City Defendants, the New York Appellate Division held that a failure to comply with the notice provision of Public Officers Law § 18 should not result in the denial of a motion to compel a defense where the municipality is also a defendant in the same lawsuit. 28 A.D.3d at 778. The Appellate Division reasoned that "[t]he purpose of the

4

notice provisions in those statutes is to prevent default and afford the municipal employer an opportunity to promptly investigate, inter alia, whether the complained-of conduct occurred within the scope of the employee's employment." *Id.* (citing *Matter of Walsh v. Cty. of Saratoga,* 256 A.D.2d 953 (3d Dep't 1998); *Matter of McNulty v. City Sch. Dist. of City of Binghamton,* 110 Misc. 2d 239 (Special Term, Broome Cty. 1981)). In *Sharpe*, like here, because the municipal employer "was also named as a defendant in the underlying actions, and was aware that [Sharpe] sought representation," the failure to strictly comply with the "delivery" notice provision of either the State or City statute does not preclude a defense. *Id.* Accordingly, regardless of whether Thomas timely demanded a defense by "delivery" of a notice, the City Defendants are obligated to defend him under the rationale of *Sharpe*.

C. Allegations Triggering the Duty to Defend

The City Defendants argue that "the Amended Complaint's allegations herein illustrate a course of conduct by Defendant Thomas that was *ultra vires* and outside of the scope of his employment and authority." (Def. Opp'n at 3). It is axiomatic that it is the allegations of the complaint which trigger the City's duty to defend. *Hassan*, 851 F.2d at 602, 604-05. Thus, under N.Y. Public Officers Law § 18, if the allegations of the complaint suggest that the employee was acting outside the scope of his employment, a motion to compel a defense should be denied. *See George*, 2008 WL 4274362, at *3; *Wahlstrom*, 1998 WL 196236, at *2; *cf. Hassan*, 851 F.2d at 603.

In this case, however, the City's duty to defend has been expanded by its own City ordinance to apparently provide defenses in certain additional situations. The City's Charter provides, in relevant part, as follows:

> [T]he City shall provide for the defense of the employee in any civil action or proceeding in any state or federal court . . . arising out of any alleged act

5

>> of omission or commission which . . . is alleged in the complaint to have occurred, while the employee was acting within the scope of his public employment or duties *or which is brought to enforce a provision of 42 U.S.C. § 1981 or 1983*.

Mount Vernon City Charter § 50-44 (emphasis added).

>> As the New York Attorney General explained:
>
>> Coverage under section 18 is at the election of the local governing body (§ 18[2][a]). Additionally, section 18 expressly states that its provisions may replace or supplement other defense and indemnification enactments (§ 18[12]). From this, we conclude that a local government may elect defense and indemnification under section 18, continue or provide for defense and indemnification under a local enactment or supplement local enactments with the provisions of section 18. Had the Legislature desired to make section 18 the exclusive format for defense and indemnification, it could easily have so provided. Instead, local governing bodies expressly are given the option of retaining local enactments and supplementing them through the application of section 18 (§ 18[12]). . . . *A local government may extend its obligation to provide defense through the enactment of a local law*.

1987 N.Y. Op. Att'y Gen. (Inf.) 82 (1987). "Thus, by its own terms, section 18 requires that the [municipality] decide whether to adopt its provisions for defense of its officers." *Lang*, 2013 WL 210905, at *2. The City not only chose to adopt the provisions of N.Y. Public Officers Law § 18, it chose to extend and supplement its obligation through the enactment of City Charter § 50-44. In its own words, the City chose to require itself to defend its employees in actions "brought to enforce a provision of 42 U.S.C. § [] 1983." Mount Vernon City Charter § 50-44. Since there can be no dispute in this case that Plaintiff's action is brought pursuant to 42 U.S.C. § 1983, the City is required to provide a defense to Thomas.

Separately, and to be sure, Plaintiff alleges that Thomas was "acting under the color of law" and within the scope of his public employment or duties, alleging facts which clearly support such claim. (*See*, *e.g.*, Am. Compl. ¶¶ 2, 45, 198, 241, 245, 290, 327, 361, 363, 392). Moreover, the suit names Thomas "individually and in his capacity as former Mayor of the City of Mount

6

Vernon." Indeed, in the Memorandum in Support of their pending motion to dismiss, the City Defendants have taken the position that "all Defendants named in the Amended Complaint are alleged to have been acting in their capacity as state and municipal agents for the City of Mount Vernon." (Doc. 64 at 6). Accordingly, and as the City Defendants acknowledge, the allegations of the Amended Complaint also suggest that Thomas was acting within the scope of his public employment sufficiently and separately to trigger the City Defendants' duty to defend him herein under the City's statute.

D. Private Counsel

Where a municipality's duty to defend has been triggered, if Corporation Counsel or the Court has determined that representation by the Corporation Counsel is inappropriate due to a conflict of interest, the employee is entitled to representation by private counsel of his own choice, with attorneys' fees and litigation expenses to be paid by the City. *See* Mount Vernon City Charter § 50-44(B); N.Y. Pub. Off. Law § 3(b); *Anderson v. City of Mount Vernon*, No. 09-CV-7082, 2011 WL 13327175, at *3 (S.D.N.Y. Dec. 5, 2011). The City Defendants have requested in their opposition that "[t]o the extent this Court finds that [Thomas] is entitled to defense from the City, . . . [he] must retain independent counsel due to Oxman Law's potential and actual conflicts of interest due to the City Defendants' adverse position *vis-a-vis* Mr. Thomas." (Def. Opp'n at 3). Separate counsel therefore shall be ordered by the Court.

Accordingly, the Court orders that Thomas advise the City Defendants within ten days of the date of this Order of the name and contact information of the counsel of his choice, and that the City Defendants take such steps as are necessary to effectuate the retention and payment of Thomas' counsel.

## **CONCLUSION**

Based on the foregoing, the court GRANTS Thomas' motion to compel the City Defendants to defend him in this action. Because the City Defendants have determined there is a conflict of interest, Thomas is entitled to representation by private counsel of his choice. Thomas is ORDERED to advise the City Defendants within ten days of the date of this Order of the name and contact information of the counsel of his choice. The City Defendants are ORDERED to take such steps as are necessary to pay the fees and expenses of such counsel.

The Clerk is directed to terminate the pending motion (Doc. 92).

Dated: New York, New York
      August 19, 2020

**SO ORDERED:**

_____
Philip M. Halpern
United States District Judge