Case 7:19-cv-11369-PMH Document 112 Filed in NYSD on 09/23/2020 Page 1 of 6



September 23, 2020

VIA ECF

Honorable Philip M. Halpern
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Kelly v. The City of Mount Vernon, et al.*
      Case No. 7:19-cv-11369 (PMH)

> Application granted as set forth herein. Plaintiff's request for a conference in connection with a discovery-related motion (Doc. 111) is denied without prejudice. The deadline to complete fact discovery is extended 30 days to 10/28/2020. The parties are directed to respond to all extant discovery demands, complying with the requirements of the Federal Rules of Civil Procedure and Local Civil Rules, and are permitted to serve demands and responses thereto, as well as document production, within the deadline to complete fact discovery. The deadline to complete expert discovery is extended to 12/28/2020, with plaintiff's expert disclosures due by 11/18/2020 and defendants' expert disclosures due by 12/9/2020. The deadline to complete all discovery is extended to 12/28/2020. The case management conference is adjourned to 1/5/2021 at 11:00 a.m.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
>           September 28, 2020

Dear Judge Halpern:

This firm represents Defendant Richard Thomas ("Mr. Thomas"), former Mayor of the City of Mount Vernon (the "City"), in the above-captioned action. We write, in accordance with Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules"), and Rule 4(c) of this Court's Individual Practices in Civil Cases, in response and in opposition to Plaintiff's September 22, 2020 request for a pre-motion conference with respect to any purported discovery dispute (Dkt. No. 111) ("Plaintiff's Letter").

At the outset, we note only that instead of diverting the parties' time, efforts, and resources in responding to Plaintiff's Letter, which does not signal any material disagreements between the parties, Plaintiff could have spent more time working with this firm to resolve any of his purported disputes instead of involving the Court. Indeed, it remains unclear why Plaintiff appears to be dissatisfied with the discovery responses Mr. Thomas provided, or any other matter detailed in Plaintiff's Letter.

Thus, as further detailed below, Plaintiff's request for a pre-motion conference should be denied as an unwarranted waste of the judicial economy.

To the extent the Court entertains Plaintiff's Letter requesting an extension of time to complete fact discovery and serve requests for the production of documents, Mr. Thomas joins in the request to extend the time to complete fact discovery, and similarly moves for permission to serve Interrogatories, Requests for the Production of Documents, and/or Requests for Admission.

## I. **Timely Submission of Interrogatories**

    A. *Plaintiff's May 29th Interrogatories*

Honorable Philip M. Halpern
United States District Judge
September 23, 2020
Page 2

On September 3, 2020, we served Defendant Richard Thomas' Objections and Responses to Plaintiff's FRCP Rule 33 Interrogatories upon all parties. See Dkt. No. 103. In our responses, we noted that a number of Plaintiff's Interrogatories, including Nos. 1, 2, 3, 9, 10, 12, 15, 18, 22, 23, and 24, each exceeded the permissible scope for interrogatories as required by Local Rule 33.3. Nonetheless, we acknowledged receipt and responded where possible to each of Plaintiff's 25 initial Interrogatories, by identifying the witnesses with knowledge or information, as well as relevant documents which may be relevant to the parties' claims and defenses in this case. Mr. Thomas verified the Objections and Responses, dated September 3, 2020.

B.   *Plaintiff's September 3rd Revised Interrogatories*

By email dated September 3, 2020, Plaintiff purported to serve a set of "Revised Interrogatories," which was akin to a deficiency letter, and where he also attempted to correct some of the deficiencies in his May 29th Interrogatories as noted in Defendant Thomas' Objections and Responses. In that same email, Plaintiff claimed that our responses were "either incomplete or evasive," and consequently, he subjectively deemed "Defendant Thomas' responses to the interrogatories [as] unanswered pursuant to FRCP Rule 34(a)(4)." We again acknowledged receipt, though even under the most liberal construction, Plaintiff interjected two new interrogatories (i.e., Revised Interrogatory Nos. 12 and 22), thereby exceeding the maximum number of interrogatories allotted under FRCP 33(a)(1), without seeking Court approval prior to doing so.

In an 11-page letter dated September 18, 2020, we responded to each of Plaintiff's 11 revised Interrogatories, in which we: (1) clarified the rationale behind our initial objections; (2) responded to what was essentially Plaintiff's 26th and 27th Interrogatory; and (3) where appropriate, incorporated all of the available information previously provided to Plaintiff via Defendant's September 3rd Objections and Responses. Pursuant to FRCP 33(b)(5), our signatures also accompanied our letter response.

C.   *Plaintiff's September 20th Email*

By email dated September 20, 2020, Plaintiff nonetheless expressed his dissatisfaction, apparently because our response letter was not accompanied by a renewed verification signed by Mr. Thomas. We explained to Plaintiff that our September 3 response letter, in conjunction with Mr. Thomas' prior verification, more than satisfied our obligations under the FRCP, particularly because all of the information provided to Plaintiff in our September 3 letter was already in Plaintiff's possession. In furtherance of our obligations to meet and confer with the Plaintiff, however, we agreed to provide Plaintiff with Mr. Thomas' second verification with respect to Plaintiff's two newly interjected interrogatories, Nos. 12 and 22, which contained information already provided on September 3. As of September 22, 2020, Plaintiff has been provided with a copy of Mr. Thomas' second verification.

For reasons still unclear to us, Plaintiff filed the instant Letter with the Court.

Regardless of whether Plaintiff agrees with, or was allegedly confused by, our objections or responses, we have provided Plaintiff with a response to each of his inquiries. Moreover, Plaintiff expressed that he

Honorable Philip M. Halpern
United States District Judge
September 23, 2020
Page 3

remains displeased with the fact that we "answered [his interrogatories] anyway!" and that he was "not certain if that benefits [our] client . . ." See Dkt. No. 111, at 3. This characterization is misguided and unreasonable. For one, we have cooperated with Plaintiff, given his *pro se* status, in discovery where possible, even in instances where Plaintiff's requests exceed our obligations prescribed by the Local Rules and the FRCP. Further, inasmuch as Plaintiff is criticizing the fact that we did respond, such behavior is unprofessional and adds strain to an already fraying sense of cooperation.

II.     **Stipulation for Remote Depositions**

On or around August 17, 2020, Plaintiff submitted a proposed Stipulation for Remote Depositions ("Stipulation") to Mr. Thomas, who was proceeding *pro se* at the time. By email dated August 26, 2020, we noticed our firm's appearances on behalf of Mr. Thomas, and discussed with Plaintiff our concerns as it relates to his proposed Stipulation, particularly where Plaintiff had modified Paragraphs 12, 16, 17, and 19 of the proposed Stipulation so that it was inconsistent with the model stipulations adopted by several judges within the Southern District.

On August 27, 2020, Plaintiff responded by email, indicating his willingness to consider our revisions to this *pro forma* document, which he had drafted in consultation with the Pro Se Office of this District. On September 1, 2020, we provided a revised Stipulation for Plaintiff's review and comment. On September 3, 2020, Plaintiff responded that he intended to file the proposed Stipulation with this Court.

On September 8, 2020, Plaintiff filed two proposed Stipulations with the Court; the first on behalf of himself and the City Defendants (see Dkt. No. 107), and the second on behalf of himself and Mr. Thomas (see Dkt. No. 108). On September 9, 2020, the Court directed that the parties "file a single proposed Stipulation and Order Concerning the Protocol for Conducting Remote Depositions that is signed by all parties prior to submission to the Court for so-ordering." See Order, dated September 9, 2020, Dkt. No. 109.

On September 9, 2020, Plaintiff wrote to all parties, requesting that our firm first endorse the proposed Stipulation on behalf of Mr. Thomas, prior to the other parties, despite that the Court's Order did not so require. See Dkt. No. 109.

On September 17, 2020, Plaintiff reiterated that because the Court had requested that all parties file a single, signed Stipulation, he again requested that our firm sign first on behalf of Mr. Thomas. He did not explain his rationale for insisting so, for example, by relaying to us any other agreements he may have reached with co-defendants,[1] such that it may require each party's respective endorsement of the Stipulation in a particular order, or that for unknown reasons, Mr. Thomas must endorse the document first.

---

[1] We have reason to believe that Plaintiff has extended courtesies in discovery to our co-defendants that he has not been willing to extend to Mr. Thomas. Indeed, we believe that our co-defendants have yet to respond to Plaintiff's interrogatories.

Honorable Philip M. Halpern
United States District Judge
September 23, 2020
Page 4


Given the absence of logic to Plaintiff's request that we execute the Stipulation first and, frankly, distrust, on September 21, 2020, we requested that Plaintiff secure the signatures of all other parties, and upon his doing so, we will sign the Stipulation.

By email dated September 22, 2020, Plaintiff submitted the proposed Stipulation to counsel for the City Defendants for execution. As of this filing, we have not yet received any indication that the City of Mount Vernon or the Acocella Defendants intend to execute the Stipulation.

The above-referenced communications are not by any means an effort to "delay" the parties' anticipated remote depositions, as Plaintiff contends. By contrast, and as Plaintiff conceded, the proposed Stipulation was indeed revised by our firm, and we are not aware that our co-defendants have agreed to execute the Stipulation for Remote Depositions. Prior to our anticipated endorsement of the Stipulation, and in light of the admitted fact that Plaintiff had only requested that co-defendants execute the Stipulation on September 22, we are currently awaiting either their comments or endorsements.

Unfortunately, rather than wait or confer with all parties to resolve an admittedly minor issue in a professional and amicable manner, Plaintiff's immediate reaction was to seek judicial intervention. Such action was unnecessary and a waste of resources.

### III.    **Request for Document Production**

Plaintiff's recitation of the facts with respect to his belated requests for document production is, unfortunately, inaccurate.

By way of background, on September 21, 2020, Plaintiff requested our consent to serve requests for production of documents, specifically with respect to copies of the audio recordings that Mr. Thomas identified in his 3Rule 26(a) Initial Disclosures, dated September 3, 2020, as well as Mr. Thomas' responses to Plaintiff's Interrogatories, dated September 3, 2020. In that same email, Plaintiff reasoned that, "the presence of these documents was unknown until Defendant Thomas submitted his Initial Disclosures and initial responses to Interrogatories on September 3, long past due the original court ordered date, also May 29, 2020." [sic].

Plaintiff reiterated this narrative in his September 22 letter to the Court explaining that the "existence [of the requested audio recordings] only became known upon Defendant Thomas' submissions of Initial Disclosures and initial responses to interrogatories." See Dkt. No. 111, at 2. Plaintiff's statement is inaccurate and is, nevertheless, not an excuse for his failure to serve timely requests for the production of documents.

To be sure, Plaintiff concedes that his "original Complaint . . . specifically addressed the possibility of audiotape recordings." See Dkt. No. 111, at 2. Even if his original Complaint had not mentioned such a possibility, for instance, Plaintiff could have still issued a timely request for the production of documents by May 29, 2020, as follows: "Produce any and all audio recordings in your possession that concern or

Honorable Philip M. Halpern
United States District Judge
September 23, 2020
Page 5

relate to Plaintiff Robert Kelly." Accordingly, Plaintiff's claim that he could not have served a document request because he was not aware of the existence of those recordings is inexcusable.

Notwithstanding Plaintiff's failure, Defendant Thomas was amenable to accepting service of Plaintiff's belated requests for the production of documents. Thus, contrary to Plaintiff's misrepresentation to the Court, we responded to Plaintiff by email dated September 21, 2020, on which all parties were copied, as follows:

> Mr. Kelly – we'll consent to your request, provided you allow us to serve Document Requests, Interrogatories, and/or Requests to Admit upon you.
>
> Have you received responses to your interrogatories from our co-defendants? I'm assuming you haven't, or we would have received copies of them. Thus, it appears we will have to extend the discovery deadline. We'll be happy to draft the joint correspondence to the Court.
>
> If you have received responses from them, please forward them to us ASAP.

Indisputably, we did not deny Plaintiff's request unless he meets certain "unreasonable" demands. Dkt. No. 111, at 2. Instead, we consented to Plaintiff's request, which he could have relayed to this Court when seeking leave to serve demands for document production, and merely requested reciprocity from Plaintiff regarding same, so that both Mr. Thomas and Plaintiff would have a fair opportunity to exchange written discovery, and thus better prepare for the parties' anticipated remote depositions. Our request was inherently reasonable. It is unclear why Plaintiff perceived our response, above, as one of denial or as unreasonable.

Further, it is our belief that the City of Mount Vernon and the Acocella Defendants have not responded to Plaintiff's interrogatories, which deprives both Plaintiff and Defendant Thomas of information that may be relevant to the claims and defenses in this action. Indeed, Plaintiff refuses to disclose whether our co-defendants have responded to the interrogatories addressed to them. If our co-Defendants have not responded to Plaintiff's interrogatories, it is further unclear why Plaintiff has not written to the Court concerning such failure(s).

To be sure, if our co-Defendants did not respond to Plaintiff's interrogatories, and Plaintiff has not made it known to this Court, then *Plaintiff himself would be exacerbating* the purported delay he complains to this Court about in Plaintiff's Letter.

In addition, it is unclear why Plaintiff is now unilaterally seeking an extension of the parties' fact discovery deadline, from September 28, 2020 until an unspecified future date, and permission to belatedly serve requests for production of documents, particularly when we indicated that we would have joined Plaintiff's motion.

Honorable Philip M. Halpern
United States District Judge
September 23, 2020
Page 6

Moreover, Plaintiff's Letter appears to have indicated that he has denied Mr. Thomas' request to serve a first set of discovery requests. To the extent the Court is amenable to considering Plaintiff's requests, Mr. Thomas joins in those requests to extend the fact discovery deadline, and similarly to allow Mr. Thomas to serve Interrogatories, Requests for the Production of Documents, and/or Requests for Admissions. Similar to the Plaintiff, Mr. Thomas (and co-defendants) would benefit from an extension of the parties' upcoming discovery deadline as well as the Court's permission to serve discovery requests. That is, throughout the course of this litigation, Plaintiff had identified and referenced a number of relevant documents in the Complaint as well as in his interrogatories. With the Court's permission, Mr. Thomas' anticipated discovery requests will seek the identities of Plaintiff's expected witnesses and relevant documents in Plaintiff's possession, as well as Plaintiff's personal knowledge and admissions of the underlying facts. Respectfully, an extension of the fact discovery deadline, together with an order from this Court permitting Mr. Thomas to serve discovery demands is reasonable and should be granted.

We regret the Court's involvement in these minor issues and the waste of the Court's time and resources.

Accordingly, and in light of the reasons set forth above, we respectfully request that that the Court deny Plaintiff's Letter seeking a pre-motion conference to address any purported discovery dispute, and extend the deadline for the completion of discovery and allow Mr. Thomas to serve interrogatories, requests for the production of documents, and/or requests for admission.

Thank you for the Court's time and consideration.

Respectfully submitted,

Littler Mendelson, P.C.

*/s/ Daniel Gomez-Sanchez*

Daniel Gomez-Sanchez
Shirley W. Bi

cc: Plaintiff *Pro Se* (via ECF)
All Attorneys of Record (via ECF)

4834-2351-9180.5