UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROBERT KELLY,

                    Plaintiff,

v.

THE CITY OF MOUNT VERNON, et al.,

                    Defendants.
---------------------------------------------------------X

**MEMORANDUM OPINION AND ORDER**

19-CV-11369 (PMH)

PHILIP M. HALPERN, United States District Judge:

Plaintiff Robert Kelly ("Plaintiff"), proceeding *pro se*, initiated this action against Defendants the City of Mount Vernon (the "City"), the City of Mount Vernon Urban Renewal Agency (together with the City, the "City Defendants"), Richard Thomas ("Thomas"), individually and as former Mayor of the City of Mount Vernon, Lawrence Porcari ("Porcari"), individually and as former Corporation Counsel for the City of Mount Vernon, Frank Acocella ("Acocella"), individually and in his capacity as an agent for the City of Mount Vernon, and the Acocella Law Group P.C. (together with Acocella, the "Acocella Defendants"), on December 12, 2019. (Doc. 1).

Plaintiff's Amended Complaint, filed on February 27, 2020, presses claims under: (1) 42 U.S.C. § 1983, alleging violations of the Fourteenth Amendment's due process and equal protection clauses; (2) 42 U.S.C. § 1985(3), alleging conspiracy to interfere with Plaintiff's civil rights; and (3) New York State law for defamation, negligence, and intentional infliction of emotional distress. (Doc. 50, "Am. Compl."). Before the Court are the City Defendants' motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. 56; Doc.

56-1, "City Br."),[1] and Thomas' motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Doc. 130; Doc. 130-1, "Thomas Br."). Plaintiff opposed both the City Defendants' motion (Doc. 58, "Pl. City Opp'n"), and Thomas' motion (Doc. 132, "Pl. Thomas Opp'n"), and the motions were deemed fully submitted with the filing of reply memoranda of law (Doc. 67, "City Reply Br."; Doc. 131 "Thomas Reply Br.").

For the reasons set forth below, the City Defendants' and Thomas' motions are GRANTED.

## BACKGROUND

The gravamen of this action is Plaintiff's contention that the City Defendants and Thomas (collectively "Defendants")[2] violated his rights by: (1) prosecuting an earlier civil action against him that they allegedly knew was time-barred; and (2) failing to indemnify him pursuant to the City Charter in that allegedly time-barred action. (*See generally* Am. Compl.). That action, *City of Mount Vernon, et al. v. Ernest D. Davis, et al.*, No. 18-CV-03007, was commenced by the City Defendants, through their attorneys, the Acocella Defendants, against a number of City employees and others (the "Underlying Action"). The City employed Plaintiff as Commissioner of Public Safety until he was terminated on or about April 8, 2016. (Am. Compl. ¶¶ 20-21). The Underlying Action was commenced on or about April 5, 2018 (*id*. ¶ 36),[3] and was voluntarily dismissed with

---

[1] The City Defendants' motion was first filed on March 30, 2020, but the Clerk of Court noted on the docket a filing error, terminating that motion. On April 24, 2020, a notice was sent to counsel to re-file the motion to dismiss. Counsel re-filed the memorandum of law in support on April 27, 2020, but did not re-file the notice of motion. Due to counsel's filing error and the failure to correct same, the City Defendants' motion is not pending properly before the Court; however, because the motion was opposed by Plaintiff and fully briefed despite the technical deficiency, the Court disregards the deficiency and adjudicates the motion on the merits as if it were filed properly.

[2] Plaintiff has voluntarily dismissed the action as against Porcari and the Acocella Defendants. (Docs. 84, 120). Accordingly, only the City Defendants and Thomas remain in this action.

[3] A review of the docket in the Underlying Action reveals that the complaint was first filed on April 5, 2018 and was re-filed at the Clerk's direction on April 6, 2018. *See Tamar v. Mind C.T.I., Ltd.*, 723 F. Supp. 2d

prejudice on consent of the parties on July 31, 2019 (*id*., Ex. B).

By Order dated November 9, 2020, pursuant to the parties' Stipulation, Plaintiff voluntarily dismissed his Second Claim for Relief under 42 U.S.C. § 1983 alleging a violation of the Equal Protection Clause of the Fourteenth Amendment to the extent such claim is raised under a "class-of-one" theory, and his Sixth Claim for Relief alleging intentional infliction of emotional distress. (Doc. 127). Accordingly, the claims remaining against Defendants are: (1) 42 U.S.C. § 1983 alleging a violation of the Due Process Clause of the Fourteenth Amendment; (2) 42 U.S.C § 1983 alleging a violation of the Equal Protection Clause; (3) 42 U.S.C § 1985(3) alleging a conspiracy to interfere with Plaintiff's civil rights; (4) defamation; and (5) negligence.

## STANDARD OF REVIEW

I. Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

---

546, 554 (S.D.N.Y. 2010) ("[D]ocket sheets are public records of which the court c[an] take judicial notice.").

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

II.  Federal Rule of Civil Procedure 12(c)

The Court may dismiss an action under Federal Rule of Civil Procedure 12(c) so long as the motion is made "[a]fter the pleadings are closed—but early enough not to delay trial . . . ." Fed. R. Civ. P. 12(c). When evaluating a motion for judgment on the pleadings under Rule 12(c), the Court applies the same "standard used in evaluating a motion to dismiss under Rule 12(b)(6)." *Rojas v. Berryhill*, 368 F. Supp. 3d 668, 669 (S.D.N.Y. 2019); *see also L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (observing that the standard for determining the sufficiency of a pleading under Rule 12(c) is "the same . . . standard applicable to dismissals pursuant to [Rule] 12(b)(6)." (alterations in original, internal quotation marks omitted)).

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d], must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (internal quotation marks omitted)). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro*

*se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Justice*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991) (alteration in original)). While "[p]*ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is proper "where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-6718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . 'although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" (quoting *Harris*, 572 F.3d at 72)).

Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court also has a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

## **ANALYSIS**

Defendants argue that the claims remaining in the Amended Complaint are largely time-barred, and those that are not fail to state a claim upon which relief can be granted. The Court addresses each of these arguments *seriatim*.

A. Statute of Limitations

Defendants argue that Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985, his claim for negligence, and his claim for defamation are barred in whole or in part by the applicable statutes

5

of limitations. (Thomas Br. at 12-16). The Court agrees that Plaintiff's §§ 1983, 1985, and negligence claims are limited to allegations occurring within three years of the commencement of this action on December 12, 2019; and that Plaintiff's defamation claim is time-barred.

The statute of limitations applicable to Plaintiff's claims under 42 U.S.C. §§ 1983 and 1985 is three years. *Harrison v. Harlem Hosp.*, 364 F. App'x 686, 688 (2d Cir. 2010); *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021); *Cox v. City of New Rochelle*, No. 17-CV-8193, 2020 WL 5774910, at *5 (S.D.N.Y. Sept. 28, 2020). The statute of limitations applicable to Plaintiff's claim of negligence is, likewise, three years. *Triangle Underwriters, Inc. v. Honeywell, Inc.*, 604 F.2d 737, 744 (2d Cir. 1979) (citing N.Y.C.P.L.R. § 214(4))). Plaintiff's defamation claim is subject to a one-year statute of limitations. *Lesesne v. Brimecome*, 918 F. Supp. 2d 221, 224 (S.D.N.Y. 2013) (citing N.Y.C.P.L.R. § 215(3))).

Plaintiff commenced this action on December 12, 2019. (Doc. 1). Plaintiff argues that his claims are predicated solely upon the commencement of the Underlying Action in April 2018, and the prosecution of such action through its termination on July 31, 2019. (Pl. Thomas Opp'n at 6-7). Indeed, Plaintiff appears to concede that claims based on instances occurring prior to December 12, 2016 are untimely, and argues that the allegations concerning his employment history and events occurring prior to the termination of his employment in April 2016 are included only for the "purpose of demonstrating the motive and supporting malice of . . . defendants to harm" Plaintiff by pursuing the Underlying Action. (*Id*. at 6-7, 10). Plaintiff argues that each of his claims for relief were prompted by the filing of the Underlying Action. (*Id*. at 14-15). Thus, to the extent Plaintiff alleges claims under 42 U.S.C. §§ 1983 and 1985 and for negligence, which accrued prior to December 12, 2016, they are time-barred, have been abandoned by Plaintiff, and are accordingly dismissed. *Allegrino v. Ruskin Moscou Faltischek, P.C.*, No. 19-CV-08900, 2021 WL 429121, at

*5 (S.D.N.Y. Feb. 8, 2021); *Ventillo v. Falco*, No. 19-CV-03664, 2020 WL 7496294, at *12 (S.D.N.Y. Dec. 18, 2020).

With respect to his defamation claim, Plaintiff does not allege that Defendants uttered any defamatory statements after December 12, 2018; rather, Plaintiff alleges defamatory statements were made in and around the time his employment was terminated in 2016. (Am. Compl. ¶¶ 52-59, 125-127, 314-332). Plaintiff, in his opposition brief, states that his defamation claim "was prompted with the filing of [the Underlying Action]" in April 2018. (Pl. Thomas Opp'n at 15). Considering either Plaintiff's allegations in the Amended Complaint or his arguments in his opposition briefs, the defamation claim is time-barred. Plaintiff, however, raises the doctrine of equitable tolling to Defendants' motions to dismiss, arguing that "[t]he one-year statute of limitations was tolled pending a dispositive favorable finding of the [Underlying Action] . . . . on July 31, 2019." (Pl. Thomas Opp'n at 15).

As regards any equitable tolling of the limitations periods, "a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)). "[W]hether equitable tolling is warranted in a given situation is a highly case-specific inquiry" and the burden of demonstrating the appropriateness of tolling lies with the plaintiff. *Id.* at 232 (internal quotation marks and citation omitted). "Equitable tolling applies only in the 'rare and exceptional circumstance.'" *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (alteration, citation, and internal quotation marks omitted).

Because neither the Amended Complaint nor Plaintiff's opposition papers contain facts supporting the application of equitable tolling, Plaintiff failed to meet his burden of establishing

7

that his claims are entitled to equitable tolling. *See Chisolm v. City of New York*, No. 17-CV-5327, 2018 WL 3336451, at *5 (E.D.N.Y. July 6, 2018); *Wellesley v. Debevoise & Plimpton LLP*, No. 06-CV-3518, 2007 WL 9710545, at *2 (E.D.N.Y. Jan. 11, 2007).

Accordingly, Plaintiff's Fourth Claim for Relief for defamation is dismissed.

B. <u>Failure to State a Claim for Relief</u>

    i.    <u>42 U.S.C. § 1983</u>

Liberally interpreting Plaintiff's pleading, as the Court must, Plaintiff's First and Second Claims for Relief under 42 U.S.C. § 1983 allege violations of his Fourteenth Amendment rights predicated upon Defendants' failure to defend and indemnify Plaintiff in the Underlying Action. The law provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983. "This language does not create substantive rights; rather, it creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Greene v. Sampson*, No. 18-CV-06103, 2021 WL 355477, at *4 (S.D.N.Y. Feb. 2, 2021) (citing *Santucci*, 2021 WL 76337, at *3). "Thus to state a claim under § 1983, Plaintiff's pleading must demonstrate '(1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under color of state law, or a state actor.'" *Id*. (quoting *Santucci*, 2021 WL 76337, at *3).

Plaintiff argues that Defendants held a legal duty to provide him a defense (Pl. Thomas Opp'n at 6); and that Thomas proved that Defendants owed Plaintiff "a property right interest" when Thomas successfully moved to compel a defense for himself in this action (*id*. at 7-8, 17). Plaintiff's Amended Complaint seeks damages to compensate for the losses he claims he incurred

in defending the Underlying Action, lost time from his profession, and lost personal time. (Am. Compl. ¶ 421). Plaintiff further alleges that Defendants "unilaterally deprived [Plaintiff] of property interest rights legally codified and enumerated in the City Charter that they were duty bound to provide . . . by fail[ing] to indemnify [Plaintiff] in [the Underlying Action];" and that Defendants "failed to provide [Plaintiff] with the same protection . . . afforded to other city employees by not indemnifying [Plaintiff] in [the Underlying Action] when the only remaining claim was for negligence." (*Id*. ¶¶ 187-188, 193-194, 199-200, 227-230, 236-239, 245-248). Plaintiff argues in his opposition briefs that his § 1983 claim alleging a due process violation is based upon his property interest in Defendants' obligation to indemnify him (Pl. City Opp'n at 8-9; Pl. Thomas Opp'n at 16-21); and that his § 1983 claim alleging an equal protection violation is based upon his assertion that, as a City employee and/or due to his age, he was in a protected class. The argument is that because Defendants failed to indemnify and hold him harmless in the Underlying Action, Defendants were selectively enforcing the City's laws in violation of the Equal Protection Clause. (Pl. City Opp'n at 13; Pl. Thomas Opp'n at 23-26).

Plaintiff's claims herein hinge on the existence of a right to defense and indemnification set forth in the Mount Vernon City Charter (the "City Charter"). Section 50-44 of the City Charter provides that, so long as the employee complies with certain other provisions of the City Charter, "the City shall provide for the defense of the employee in any civil action . . . arising out of any alleged act of omission or commission which occurred, or is alleged in the complaint to have occurred, while the employee was acting within the scope of his public employment. . . ." Mount Vernon City Charter § 50-44(A). That section goes on, however, to state: "This duty to provide for a defense *shall not arise where such civil action or proceeding is brought by or on behalf of the City of Mount Vernon against the employee*." *Id*. (emphasis added). In other words, the plain

language of the City Charter forecloses any duty on the part of Defendants to defend Plaintiff in the Underlying Action, as the Underlying Action was brought by the City against Plaintiff.

The City Charter provides further that "[t]he City shall indemnify and save harmless its employees in the amount of any judgment obtained against such employees . . . or in the amount of any settlement of a claim, provided that the act of omission or commission from which such judgment or settlement arose occurred while the employee was acting within the scope of his public employment or duties." Mount Vernon City Charter § 50-45(A). Plaintiff argues that because the claims against him in the Underlying Action concerned events occurring while he was acting within the scope of his public employment or duties, he was entitled to be indemnified and Defendant "failed to save [Plaintiff] harmless from the litigation it improperly initiated against him." (Pl. Thomas Opp'n at 22-23). Plaintiff's argument misses the mark, however, because the plain language of the City Charter provides that the City's duty to indemnify and save harmless is "in the amount of any judgment" against a City employee or a "in the amount of any settlement" reached by a City employee in an action. Mount Vernon City Charter § 50-45(A). Plaintiff concedes that no money judgment was entered in the Underlying Action for which he could be indemnified (Pl. Thomas Opp'n at 23); and Plaintiff does not allege or argue that he paid any amount to settle the claims against him in the Underlying Action. Thus, any right to be indemnified or saved harmless that Plaintiff may have had never arose.

Because Plaintiff has not and cannot plead a due process violation predicated upon the failure to defend and indemnify him in the Underlying Action, his First Claim for Relief must be dismissed.

To the extent Plaintiff's Second Claim for Relief alleging a violation of the Equal Protection Clause of the Fourteenth Amendment is predicated upon his status as a City employee,

a rational basis test applies to the public employer's decision at issue. *Marcello v. Currey*, 364 F. Supp. 3d 155, 159 (D. Conn. 2019) (state employees are not suspect class for equal protection purposes). Plaintiff also makes passing reference to his age, citing the Age Discrimination in Employment Act ("ADEA") (Am. Compl. ¶¶ 229, 238, 247). As age likewise is not a suspect class, a rational basis test applies. *Nicosia v. Town of Hempstead*, No. 16-CV-1176, 2017 WL 9485669, at *10 (E.D.N.Y. June 14, 2017), *adopted by* 2017 WL 3769246 (E.D.N.Y. Aug. 28, 2017). Without deciding whether Plaintiff adequately pled that he was subjected to treatment different from others similarly situated, a rational basis existed for Defendants to withhold the provision of defense and indemnity to Plaintiff. As discussed *supra*, the plain language of the City Charter relieved Defendants of any obligation to defend Plaintiff in the Underlying Action, and the right to indemnification never arose. Thus, Plaintiff cannot plead an Equal Protection violation predicated upon the failure to defend and indemnify him, and as such, his Second Claim for Relief must be dismissed.

  ii.  <u>42 U.S.C. § 1985</u>

Plaintiff's Third Claim for Relief is brought under 42 U.S.C. § 1985. That law provides, in pertinent part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving . . . any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured . . . may have an action for the recovery of damages occasioned by such injury or deprivation . . .

42 U.S.C. § 1985(3). Like § 1983, § 1985 "provides no substantive rights itself but merely 'provides a remedy for violation of the rights it designates.'" *Spencer v. Casavilla*, 903 F.2d 171,

174 (2d Cir. 1990) (quoting *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 372 (1979)).

The language of 42 U.S.C. § 1985(3) requires that "the conspiracy must . . . be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Odermatt v. Way*, 188 F. Supp. 3d 198, 217 (E.D.N.Y. 2016) (citing *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993)), *aff'd sub nom. Odermatt v. New York City Dep't of Educ.*, 694 F. App'x 842 (2d Cir. 2017). "Conclusory allegations of conspiracy are not sufficient to state a claim under § 1985." *A'Gard v. Perez*, 919 F. Supp. 2d 394, 409 (S.D.N.Y. 2013). A plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).

In addition to the Court's finding that Plaintiff has not alleged a violation of his civil rights predicated upon the failure of Defendants to defend and indemnify him, the intra-corporate conspiracy doctrine bars Plaintiff's § 1985 claims of conspiracy against alleged conspirators who are members of the same public entity. *See K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 210 (S.D.N.Y. 2013). "[E]mployees of a single corporate or municipal entity, each acting within the scope of his or her employment, are legally incapable of conspiring together." *Id.* (citation omitted). "[T]here is no conspiracy [under section 1985] if the conspiratorial conduct challenged is essentially a single act by a single corporation acting exclusively through its own . . . officers[ ] and employees . . . ." *Herrmann v. Moore*, 576 F.2d 453, 459 (2d Cir. 1978). Plaintiff's claim that Defendants, as municipal defendants and employees acting as agents of the same institutional defendant, conspired to deprive him of defense and indemnification in the Underlying Action are, therefore, dismissed.

iii. Negligence

"To establish a prima facie case of negligence under New York law, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom." *Bateman v. Permanent Mission of Chad to the United Nations in New York*, No. 18-CV-00416, 2021 WL 964272, at *3 (S.D.N.Y. Mar. 15, 2021) (quoting *Clark v. Target Corp.*, No. 18-CV-5865, 2020 WL 2115348, at *3 (S.D.N.Y. May 4, 2020)). The duty suggested by Plaintiff that Defendants allegedly breached was their duty to defend, indemnify, and hold Plaintiff harmless; however, as discussed *supra*, Defendants did not have a duty to defend him in an action commenced by the City against him, and did not have a duty to indemnify or hold harmless where no right to indemnification ever arose under the City Charter. Accordingly, Plaintiff's negligence claim is dismissed.[4]

## CONCLUSION

Based on the foregoing, the court GRANTS both the City Defendants' motion to dismiss and Thomas' motion for judgment on the pleadings. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgmt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). The Amended Complaint in this case is dismissed with prejudice because any amendment would be futile.

Plaintiff's request for certain discovery (Doc. 139), in light of the Court's rulings herein, is denied as moot, and the Court therefore need not consider Thomas's *in camera* submission (*see* Doc. 145).

The June 7, 2021 hearing concerning outstanding legal fees will proceed as scheduled.

---

[4] In light of the Court's determinations herein, it need not and does not reach Defendants' alternative arguments for dismissal of the Amended Complaint.

13

The Clerk of Court is respectfully directed to terminate the pending motion (Doc. 130) and close this case.

Dated: White Plains, New York
May 14, 2021

SO ORDERED:

_____
Philip M. Halpern
United States District Judge