UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT KELLY,

              Plaintiff,                                **ORDER**

v.                                                       19-CV-11369 (PMH)

THE CITY OF MOUNT VERNON, et al.,

              Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

       This matter comes before the Court by way of Plaintiff Robert Kelly's ("Plaintiff") letter request to settle and approve his Statement of the Proceedings under Federal Rule of Appellate Procedure 10(c). (Doc. 167). Defendant Richard Thomas ("Defendant") filed his objections to Plaintiff's Rule 10(c) Statement together with his own Statement of the Proceedings. (Doc. 171). Defendants the City of Mount Vernon and the City of Mount Vernon Urban Renewal Agency (together, the "City Defendants") have not filed opposition or otherwise taken any position regarding either Plaintiff's request or Defendant's response.

       Plaintiff's Rule 10(c) Statement concerns a pre-motion telephone conference that the Court held with the parties on November 2, 2020. The telephone conference was scheduled pursuant to the Court's Individual Practices concerning Plaintiff's request for leave to file a Second Amended Complaint (Doc. 121), and Defendant's request for leave to file a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) (Doc. 122). The Court memorialized the November 2, 2020 telephone conference with its own Minute Entry. (*See* Nov. 2, 2020 Min. Entry). The Court is unable to locate the recording of the conference for transcription. Thus, a stenographic record is unavailable to the parties and the Court.

Federal Rule of Appellate Procedure 10(c) allows, when a transcript of "a hearing or trial is unavailable," an appellant to "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." Fed. R. App. P. 10(c). "Typically, in a situation such as this, the appellant will serve his statement of the proceedings on the appellee. The appellee then has the opportunity to object to any portion of appellant's statement, and to propose amendments. The statement is then submitted to the Court to be approved and settled as part of the record on appeal." *United States v. Regalado*, No. 96-CR-505, 2007 WL 403226, at *1 (S.D.N.Y. Feb. 5, 2007) (citing Fed. R. App. P. 10(c)).

The Court is not convinced that the November 2, 2020 pre-motion conference was a "hearing or trial" as contemplated by Rule 10(c). The Court notes also that Plaintiff has not explained why supplementation of the record with the November 2, 2020 transcript of proceedings is necessary "to reconstruct an otherwise insufficient record," *United States v. Locust*, 95 F. App'x 507, 512 (4th Cir. 2004), as the Court's November 2, 2020 Minute Entry "sufficiently embodies what transpired during the telephone conference," *Morning Sun Books, Inc. v. Div. Point Models, Inc.*, No. 11-CV-00608, 2019 WL 4785633, at *3 (D.N.J. Sept. 30, 2019)). In any event, for the avoidance of doubt and at the parties' request, the Court has considered Plaintiff's Rule 10(c) Statement and Defendant's objections and proposed amendments thereto, and with the addition of the Court's own recollection of the proceedings, provides the following reconstruction of the record:

1. Counsel for all parties and Plaintiff *pro se* appeared by telephone.

2. With respect to Plaintiff's request for leave to move to amend his complaint, Plaintiff stated that he intended to dismiss his claim for intentional infliction of emotional distress

("IIED") as it was not a claim he believed he could succeed on, and that he intended to amend his equal protection claim to eliminate one of his theories thereunder.

3. Defendant's counsel argued that amendment was unnecessary because if Plaintiff was only withdrawing his IIED claim and class-of-one theory under the Equal Protection Clause and was otherwise just going to add case law to his complaint, then all of that could be done by stipulation or court order.

4. The Court inquired as to what amendments Plaintiff proposed to his Amended Complaint. Plaintiff stated that he sought to include better case law. The Court stated that case law should not be cited in the complaint. If Plaintiff's intent was to withdraw his IIED claim and the class-of-one theory under the Equal Protection Clause, and all he sought to add to the new pleading was case law, then the Court would direct that both claims be deemed withdrawn and dismissed without the need to amend the complaint. Plaintiff reiterated that the class-of-one theory was not a claim for relief, so he was only withdrawing one claim for relief and one theory.

5. The Court stated it wanted to be certain of Plaintiff's intentions. The Court thus directed the attorneys to prepare an Order and Stipulation for Plaintiff's review withdrawing the IIED claim as indicated, and the allegations concerning a class-of-one theory. The Court directed that the Order and Stipulation be filed by Friday November 6, 2020.

6. The City Defendants stated that they had a motion to dismiss pending, and that they were engaged in settlement discussions with Plaintiff.

7. With respect to Defendant's request for leave to file a motion pursuant to Rule 12(c), the Court stated it understood everyone's point of view, and set a briefing schedule: moving papers were due on November 23, 2020; opposition papers were on due December 14, 2020; and reply papers were due on December 21, 2020.

8. The Court stated that it believed it could address both the City Defendants' motion to dismiss and the forthcoming Rule 12(c) motion at the same time.

9. The Court noted with respect to Doc. 124, that as a *pro se* without depth of experience, the Court could conclude either that Plaintiff has dexterity with legal concepts and has been doing a really good job or someone has been ghostwriting for him. Plaintiff said he is doing this legal work on his own, without any ghostwriter.

10. The Court encouraged the parties to complete discovery in a timely manner and seriously discuss resolution. The parties requested an extension of the discovery deadline. The Court extended discovery through year's end but not any further (December 31, 2020).

IT IS ORDERED that the foregoing statement prepared by this Court, be, and the same is, settled and approved by this Court as a statement of the proceedings held before this Court on November 2, 2020, for which no stenographic report is available. The Clerk of the Court is respectfully directed to include the reconstruction as settled and approved by the Court in the record on the appeal of Plaintiff Robert Kelly.

SO ORDERED:

Dated: White Plains, New York
       June 22, 2021

_____
Philip M. Halpern
United States District Judge